| | |
|---|---|
| MATTHEW RAMSEY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEXTER STAMPING COMPANY, LLC, and DYNAMIC INDUSTRIAL GROUP, LLC,<br><br>　　　　　Defendants. | Case No. 3:25-cv-01262<br><br><br>District Judge Aleta A. Trauger |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Matthew Ramsey ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Dexter Stamping Company, LLC and Dynamic Industrial Group, LLC, ("Defendants"), by way of this First Amended Class Action Complaint, alleging as follows:

**NATURE OF THE ACTION**

1.      This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendants, their employer for WARN Act purposes.

3.      Defendants own and operate a manufacturing plant located at 1800 Joe B Jackson Parkway, Murfreesboro, TN 37127 ("the Facility").

4.      Upon information and belief, Defendants abruptly terminated at least 110 employees, including Plaintiff, unilaterally and without proper notice to employees or staff.

1

5.     Plaintiff was terminated from the Facility, on or around October 28, 2025, as part of a mass layoff or plant closing without proper notice.

6.     Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable mass layoff or plant closing ordered by Defendants on or around October 28, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

7.     Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

8.     Defendants did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 et seq. even though they planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facility.

9.     Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

10.    Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

11.    Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result of mass layoffs or plant closings ordered by Defendants on or around October 28, 2025 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

12.    Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

2

**JURISDICTION AND VENUE**

13.     This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

**PARTIES**

15.     At all times relevant, the Plaintiff was and is a member of the Class (as defined below).

16.     Plaintiff Matthew Ramsey is a resident of Tennessee. Plaintiff was employed, full-time, by Defendants for over twenty months at the time of termination.  Plaintiff worked at the Facility, and he is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of termination.

17.     Upon information and belief, Defendants conducted business in this district and, at all relevant times, owned and operated the Facility, where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

18.     Defendant Dexter Stamping Company, LLC, is registered in Tennessee as a foreign limited liability company incorporated in Delaware, with a designated registered agent in Tennessee: Corporate Creations Network Inc., 5865 Ridgeway Center Parkway, Suite 395, Memphis, TN 38120.

19.     Defendant Dynamic Industrial Group, LLC, is a Delaware limited liability corporation, with its principal place of business located at 1013 Thorrez Road, Jackson, Michigan 49201.  Defendant Dynamic Industrial Group, LLC may be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3

20. Defendants made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 110 employees and 33% of the workforce.

**<u>FACTS</u>**

21. Defendant Dexter Stamping Company, LLC, upon information and belief, is a wholly owned subsidiary of Defendant Dynamic Industrial Group, LLC.

22. Defendant Dexter Stamping Company, LLC and Defendant Dynamic Industrial Group, LLC share common officers.

23. Upon information and belief, Dennis Nystrom is an officer/member of both Dexter Stamping Company, LLC and Dynamic Industrial Group, LLC.

24. Defendant Dynamic Industrial Group, LLC is listed on Defendant Dexter Stamping Company's website reflecting its ownership and operation of Dexter Stamping Company, LLC at http://www.dexterstamping.com/about/index.htm.

25. Plaintiff's paystub contains the payors information as "Dexter Stamping Company, LLC" but notes its address as "1013 Thorrez Road, Jackson, Michigan 49201", the same address that Defendant Dynamic Industrial Group, LLC utilizes as its principal place of business (not Dexter).

26. Defendant Dynamic Industrial Group, LLC, retained full control over Dexter Stamping Company, LLC, and directed the termination of employees here, including Plaintiff, such that Dynamic Industrial Group, LLC, retains *de facto* control over Dexter.

27. Defendant Dynamic Industrial Group, LLC, dictates the personnel, employment, and employee payment practices and policies for Dexter Stamping Company, LLC, and retains control over all of these policies for Dexter Stamping Company, LLC.

4

28. Defendant Dexter Stamping Company, LLC's operations are part and parcel to Defendant Dynamic Industrial Group, LLC's operation, which directly derives revenue from Dexter Stamping Company, LLC's operations.

29. Under 20 C.F.R. § 639.3, Defendant Dynamic Industrial Group, LLC and Defendant Dexter Stamping Company, LLC, constitute a single and/or joint employer.

30. Until October 28, 2025, upon information and belief, the Facility was running business as usual, and employees had no indication that Defendants intended to reduce the workforce.

31. On or about October 28, 2025, at the end of his shift, Defendants informed Plaintiff that his position was being terminated that same day.

32. Defendants did not provide proper WARN Act Notice, 60 days in advance, as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

33. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

34. By failing to provide its affected employees who were temporarily or permanently terminated on or around October 28, 2025, with proper WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

## **CLASS ACTION ALLEGATIONS**

35. Plaintiff brings his WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the

5

WARN Act) on October 28, 2025, and within 90 days of October 28, 2025.

36. Class Action treatment of WARN Act claims is appropriate because all Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class and brings claims typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

37. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

6

38.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

39.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication for this litigation.

<u>COUNT I</u>
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.**
**(WARN Act)**
**(*On behalf of Plaintiff and the putative Class*)**

40.     Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full herein.

41.     Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

42.     Plaintiff and the putative class were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

43.     The October 28, 2025, terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the total employees and at least 50 employees. The ongoing terminations, occurring within any 90-day period, may be aggregated. 29 U.S.C. § 2102(d).

44.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State

7

or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

45. On information and belief, Defendants did not give 60 days' written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give proper written notice to the Tennessee Department of Labor and Workforce Development (that notice was provided the day after the terminations), or to the chief elected official of the local government within which the mass layoff was ordered.

46. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about October 28, 2025.

47. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

48. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. See 29 U.S.C. § 2104(5).

49. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

8

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), designating Plaintiff as a representative of the Class and counsel of record as Class Counsel;

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants have no reasonable grounds for believing that their mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

9

8.	Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated March 18, 2026

Respectfully submitted,

/s/ Mariah S. England
J. Gerard Stranch, IV (TN BPR #23045)
Mariah S. England (KY # 101336)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mengland@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

***Pro have vice***

***Counsel for Plaintiff and the Proposed Class***

10