MATTHEW RAMSEY, on behalf of himself
and all others similarly situated,

     Plaintiff,

v.

DEXTER STAMPING COMPANY, LLC, and
DYNAMIC INDUSTRIAL GROUP, LLC,

     Defendant.

Case No. 3:25-cv-01262

District Judge Aleta A. Trauger

## PLAINTIFF'S OPPOSITION TO
## DYNAMIC INDUSTRIAL GROUP'S MOTION TO DISMISS

Comes now, Plaintiff, Matthew Ramsey ("Plaintiff"), by and through undersigned counsel and respectfully opposes Defendant Dynamic Industrial Group ("Dynamic")'s Motion to Dismiss for Lack of Personal Jurisdiction. D.E. 33. Dynamic's Motion misapprehends the law on personal jurisdiction and must be denied.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed this case on October 31, 2025, against Dexter Stamping Company, LLC ("Dexter"). D.E. 1. On March 16, 2026, the Clerk defaulted Dexter. Plaintiff sought to set aside the default and file an amended complaint against Dexter and its parent corporation Dynamic, which this Court allowed. D.E. 19, 20.

The Amended Complaint alleges that both Defendants in this case (Dexter *and* Dynamic) owned and operated a manufacturing plant in Murfreesboro and conducted layoffs that violated the federal WARN Act there. D.E. 21 at ¶¶ 3–6, 17. Plaintiff alleges that Defendants own and operate the facility in question together and made the decision to terminate employees like Plaintiff

1

together. D.E. 21 at ¶¶ 3, 17, 20. Plaintiff further alleges that Dexter is a wholly owned subsidiary of Dynamic, that the two companies share common officers, that the companies share a principal place of business, and that Dynamic directs the employment practices of Dexter. D.E. 21 at ¶¶ 21–29. In its Answer to the Amended Complaint, Dexter Stamping (which is represented by the same attorneys as Dynamic) admitted that it shares common officers with Dynamic and is a wholly owned subsidiary of Dynamic. D.E. 21 at ¶¶ 21, 22; D.E. 34 at ¶¶ 21, 22. Plaintiff alleges a joint employer theory under the WARN Act. *See* 20 C.F.R. § 639.3(a)(ii)(2). The Amended Complaint specifically pleads that Dynamic directed these layoffs, controls employment practices for Dexter, and that Dexter's operations are part and parcel to Dynamic's operations. D.E. 21 at ¶¶ 26, 27, 28.

<u>**STANDARD OF REVIEW**</u>

Courts ruling on motions to dismiss for lack of personal jurisdiction may permit discovery in aid of the motion, conduct an evidentiary hearing, or rule on the papers. *Kerns v. Caterpillar, Inc.*, 583 F. Supp. 2d 885, 891 (M.D. Tenn. 2008). The Court considers the facts in the light most favorable to the non-movant, here Plaintiff, and must not consider conflicting facts offered by Defendant. *Id.* This rule exists to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts, as the Appellee [and Dynamic here] has done in the case before us." *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

<u>**ARGUMENT**</u>

Cases under the WARN Act are notoriously fact intensive. The statute has a broad, remedial purpose, but every company is different, and no layoff is the same. For this reason, courts in the Sixth Circuit and beyond have recognized that the issue of whether two companies constitute a single employer under the WARN Act is a highly fact-specific issue that should not be resolved

2

on a motion to dismiss. Plaintiff is not asking this Court to resolve that issue in its favor at the Rule 12 stage. But Defendant Dynamic is asking precisely that. The Amended Complaint pleads that Dynamic owned and operated a manufacturing plant in Murfreesboro. Because Dynamic did business here and had property interests here, Tennessee's long-arm statute is satisfied. So Defendant's Motion must be denied.

## I. WARN Cases Are Fact-Intensive.

This is a case under the WARN Act. *See* 29 U.S.C. § 2101. The WARN Act is a remedial statute designed to give workers time to adjust to loss of employment. *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1159 (9th Cir. 2001) ("While some provisions of the Act are punitive in nature, the primary purpose of the Act is remedial."). Congress passed the Act in 1988 to secure employees against sudden and significant employment loss. *Hodge v. Synergy Inspections, LLC*, No. 5:24-CV-00177, 2025 WL 1690151, at *1 (S.D.W. Va. June 16, 2025) (noting history of Act). Employers have several defenses against WARN Act claims. *E.g.*, 29 U.S.C. § 2102(b)(2)(A); *Loc. Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir. 1997) (noting that exceptions to employers are narrowly construed).

A valid WARN Act claim has three elements: "(1) a mass layoff [or plant closing as defined by the statute] conducted by (2) an employer who fired employees (3) who, pursuant to WARN, are entitled notice." *Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276, 1281 (11th Cir. 2013) (quoting *Allen v. Sybase, Inc.,* 468 F.3d 642, 654 (10th Cir. 2006)). In general, "WARN Act claims are fact intensive as are the affirmative defenses." *Philips v. Munchery Inc.*, No. 19-CV-00469-JSC, 2021 WL 326924, at *6 (N.D. Cal. Feb. 1, 2021).

## II.     The Single Employer Question is Likewise Fact-Specific.

Under the WARN Act, a parent and a subsidiary can be treated as one employer depending on the facts. 20 C.F.R. § 639.3(a)(ii)(2). This depends on "the degree of the[] [subsidiary's] degree of independence from the parent." *Id.* The Code of Federal Regulations enumerates a non-exclusive-list of factors relevant to this determination, including: "(i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations." *Id.* As noted above, the record in this case already reflects, even at this early stage, that Dexter and Dynamic share common ownership and common officers. D.E. 21 at ¶¶ 21, 22; D.E. 34 at ¶¶ 21, 22.

And the Complaint explicitly alleges that the entities have intertwined operations and that Dynamic controls Dexter's employment practices, relevant here in the context of a case under the WARN Act. D.E. 21 at ¶¶ 21–34. This Court must assume that those facts are true. *Costaras v. NBC Universal, Inc.*, 409 F. Supp. 2d 897, 902 (N.D. Ohio 2005). Because analysis of the factors in Section 639.3 is highly fact-specific, courts often deny summary judgment motions where questions of fact remain as to the identity and commingling of two corporations that together conducted a WARN layoff. *Hiles v. Inoveris, LLC*, No. 2:09-CV-53, 2009 WL 3671007, at *2 (S.D. Ohio Nov. 4, 2009) (collecting denials of summary judgment on these issues in the Sixth Circuit).

Here, Defendant Dynamic is doing much more than that, asking to be let out of this case pre-discovery based on a short declaration that simply contradicts the facts pled in the operative complaint. *Compare* D.E. 21 at ¶ 3 (alleging Dynamic and Dexter owned and operated a manufacturing plant in Tennessee), *with* D.E. 33-1 at ¶ 7 (boldly stating that Dynamic does not transact any business in Tennessee). *Cf. Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212,

4

1214 (6th Cir. 1989) ("Any other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff."); *Olin-Marquez v. Arrow Senior Living Mgmt., LLC*, 586 F. Supp. 3d 759, 772 (S.D. Ohio 2022) (discussing rule and denying motion to dismiss for lack of personal jurisdiction where plaintiff alleged Defendant hired her in Ohio and thus caused her employment-related injury in Ohio). Dynamic is essentially asking this Court to resolve a complex factual issue in its favor now based on almost nothing, couching its arguments in the language of personal jurisdiction.

The Southern District of Ohio dealt with a very similar issue in *Bledsoe*, a WARN Act case where the court denied a motion to dismiss for lack of personal jurisdiction. *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 787 (S.D. Ohio 2003), *aff'd*, 635 F.3d 836 (6th Cir. 2011). As that Court found, the inquiry was highly fact-specific:

> The truth of the matter is crucial. If CNF [the parent] was calling the shots at Emery [the subsidiary and direct employer of Bledsoe], then this Court would likely have personal jurisdiction over it, under the standard set forth above, and CNF makes no argument to the contrary. If it was not, then this Court would likely not have personal jurisdiction over it, for it would have no relationship to Ohio other than being the corporate parent of Emery, and the Plaintiffs make no argument to the contrary. Therefore, the analysis does not turn so much on the well known "minimum contacts" analysis, but, rather, on whether and to what degree CNF exercised control over Emery.

*Bledsoe*, 258 F. Supp. 2d at 786–87 (denying motion to dismiss for lack of personal jurisdiction and noting that Plaintiffs should have the opportunity to conduct discovery). So too here.

In *Hiles*, cited above, the Southern District of Ohio came to the same conclusion, and denied a motion to dismiss for personal jurisdiction in a WARN Act case where the Plaintiff alleged that the defendants shared common officers, both operated the facility, and jointly made labor decisions. *Hiles*, 2009 WL 3671007, at *1–2. The Court noted that the case was in its early stages and that most of the facts about joint ownership and joint control were in Defendants'

5

possession: "While a plaintiff must plead sufficient facts to raise a plausible claim, detailed factual allegations are not required, particularly where, as here, the defendants are in control of such information or it is otherwise unavailable to the plaintiffs…Under these circumstances, the Court finds that Plaintiffs have alleged sufficient facts to set forth a plausible claim that ComVest is liable as a single employer with Inoveris." *Id.* at \*3. That is exactly the case here.

Fact-specific issues like whether Dynamic and Dexter are a single employer are not suitable for resolution now. *In re Taylor Bean & Whitaker Mortg. Corp.*, No. 3:09-BK-07047-JAF, 2010 WL 4025873, at \*5 (Bankr. M.D. Fla. Sept. 27, 2010) ("However, whether TBW and its subsidiaries qualify as a 'single employer' under the WARN Act is a specific, merit-based issue that requires an opportunity for discovery by the parties before a determination can be made."); *Chaney v. Vermont Bread Co.*, No. 2:21-CV-120, 2022 WL 767601, at \*4 (D. Vt. Mar. 14, 2022) (ordering jurisdictional discovery in WARN case with similar arguments). The bare-bones affidavit that Dennis Nystrom penned contains no facts regarding operational control or whether these two business entities made employment decisions together. D.E. 33-1. It merely asserts that the two companies maintain separate books. D.E. 33-1 at ¶ 8. That assertion alone cannot resolve this issue or this Motion.

### III.    This Court Has Personal Jurisdiction over Dynamic.

Absent an evidentiary hearing or additional discovery, Plaintiff need only present a prima facie case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) ("Dismissal in this procedural posture is proper only if *all* the specific facts which the plaintiff (CompuServe) alleges collectively fail to state a prima facie case for jurisdiction.") (emphasis added). As Dynamic correctly notes, because Tennessee's long-arm statute is co-extensive with the Due Process Clause, the two inquiries are one. *Kerns*, 583 F. Supp. 2d at 892. Tennessee's long

6

arm statute contemplates sufficient personal jurisdiction for "the transaction of *any* business within this state" by a corporation or its agent. Tenn. Code Ann. § 20-2-214 (emphasis added).

The Amended Complaint states a complete and prima facie case for jurisdiction. It alleges that Defendants own and operate a manufacturing plant in Murfreesboro, Tennessee. D.E. 21 at ¶¶ 3, 17. Those allegations alone mean both Defendants were doing business in Tennessee and had property interests here. *Compare* Tenn. Code Ann. § 20-2-214(a)(3) (possession or ownership of *any* property interest suffices for jurisdiction). The Amended Complaint alleges that together, Defendants violated the WARN Act by failing to give sufficient notice to terminated employees working at the Facility in Murfreesboro. D.E. 21 at ¶¶ 4, 11. Plaintiff also alleges Defendants made the decision together to terminate these employees who worked in Tennessee. D.E. 21 at ¶¶ 20, 27, 28, 34. Owning and operating a manufacturing plant in Tennessee unquestionably submits a corporation to jurisdiction there. This is outside of the other allegations Plaintiff explicitly makes about Dynamic's exercise of control over its subsidiary Dexter. D.E. 21 at ¶¶ 21–29.

It is telling that Dexter does not contend that it never received notice of this case. Plaintiff filed this case in October 2025. D.E. 1. The original complaint was properly served on Dexter Stamping through its registered agent in Memphis, Corporate Creations Network. D.E. 6, 10. Dexter never responded, hence the default. D.E. 15, 18. And Dexter now admits in its answer that this registered agent in Memphis is the correct one. D.E. 21 at ¶ 18; D.E. 34 at ¶ 18. But Dexter's Answer *denies* that Dynamic's registered agent is correct, D.E. 21 at ¶ 19; D.E. 34 at ¶ 19, despite the fact that after receiving a summons at the indicated addresses, Dynamic responded and the same firm appeared for both entities. D.E. 24, 25, 28, 33. To clarify, the factual sequence here is: (a) Plaintiff seeks relief against Subsidiary at the proper service address; (b) Subsidiary fails to respond and is defaulted; (c) Plaintiff amends to add Parent; (d) Subsidiary answers and Parents

7

moves to dismiss for lack of personal jurisdiction with an eleven-paragraph declaration that only raises more questions. The record here already reflects an intent to hide behind the corporate form.

These games continue in Dynamic's Motion, which only broadly gestures at the non-facts articulated by Mr. Nystrom's declaration. The Amended Complaint specifically avers that Mr. Nystrom is an officer of *both* entities (Dexter and Dynamic). D.E. 21 at ¶ 23. Mr. Nystrom's short declaration does not contradict this assertion, and only coyly says that the two entities share "only two of the same officers." D.E. 33-1 at ¶ 9. Plaintiff's own pay stubs came from the Thorrez Road address in Jackson, Michigan, the address that Dynamic uses for its principal place of business. D.E. 21 at ¶ 25. Subsidiaries of foreign corporations can be subject to personal jurisdiction in Tennessee if they do business there. *Third Nat. Bank in Nashville v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1090 (6th Cir. 1989); *Mason Sales, LLC v. Talent Creation, Ltd.*, No. 3:24-CV-00092, __ F. Supp. 3d __, 2026 WL 753176, at *5 (M.D. Tenn. Mar. 17, 2026).

The decisions cited by Dynamic are not on point at all. This Court does not have enough facts to decide that Dynamic and Dexter were acting as a joint employer to hold Dynamic liable for Dexter's actions under the WARN Act. But this Court may exercise personal jurisdiction over Dynamic if a Tennessee court could. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Under the Due Process Clause, as relevant here, a nonresident defendant may be subject to specific personal jurisdiction, general personal jurisdiction, or have the jurisdictional contacts of a resident entity imputed to it under alter ego principles. *See generally Daimler*, 571 U.S. at 132–34. The Amended Complaint plausibly makes out a *prima facie* case of jurisdiction as to Dynamic on specific personal and alter ego grounds.

Defendant is subject to specific personal jurisdiction if "three essential requirements" are met: (1) it "purposefully availed itself" of the forum state's benefits or "purposefully directed its

activities" there; (2) plaintiff's injuries arose out of these contacts with the forum; and (3) exercising jurisdiction would comport with "traditional notions of fair play and substantial justice." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (internal quotation marks, brackets omitted); *Mason Sales*, 2026 WL 753176, at *5 (similar test from *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Dynamic purposefully availed itself of Tennessee by owning and operating a manufacturing plant in Murfreesboro. D.E. 21 at ¶¶ 3, 17. Plaintiff's cause of action under WARN arose from Dynamic's supervision and direction of its subsidiary employment activities. D.E. 21 at ¶¶ 5, 8, 10, 20, 27. And Tennessee has an inherent interest when a foreign corporation sets up shop in the state and fires everyone in violation of federal law. Resolving this Motion is no more complicated than that. Owning and operating a manufacturing plant in a State satisfies long-arm jurisdiction in all fifty states of the Union, no matter what law applies. Physical presence of an agent can suffice to establish personal jurisdiction if the agent is present to conduct business in the state. *S. Mach. Co.*, 401 F.2d at 382 n.18. "Has Mohasco [here Dynamic] purposefully availed itself of the privilege of transacting business in Tennessee?" *Id.* at 382. It has – it owned and operated a manufacturing plant here and orchestrated a series of layoffs here. D.E. 21 at ¶¶ 3, 5, 8, 10, 17, 20, 27. So the Court's exercise of specific personal jurisdiction over Dynamic is both logical and reasonable.

**CONCLUSION**

Plaintiff has made out a prima facie case that Dynamic is subject to personal jurisdiction here. Plaintiff's theory – that Dynamic and Dexter together should be held to be a single employer under the WARN Act – will require more facts to test and prove up. Mr. Nystrom's declaration is

9

boilerplate, brief, and cannot be taken as gospel truth at this stage in any event. Plaintiff pleads

sufficient facts to establish personal jurisdiction over Dynamic. The Motion should be denied.

Dated: June 18, 2026

Respectfully Submitted,

*/s/ Michael Tackeff*
J. Gerard Stranch, IV (TN BPR # 23045)
Mariah S. England (KY # 101336)
Michael Tackeff (TN BPR #036953)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com
mengland@stranchlaw.com
mtackeffstranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

***\*Pro hac vice***

***Counsel for Plaintiff and the Proposed Class***

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 18, 2026, the foregoing has been filed with the United States District Court for the Middle District of Tennessee using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michael Tackeff*
Michael Tackeff (TN BPR #036953)