**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MATTHEW RAMSEY, on behalf of himself and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:25-cv-01262** <br> **Judge Aleta A. Trauger** |
| **DEXTER STAMPING COMPANY, LLC and DYNAMIC INDUSTRIAL GROUP, LLC,** | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM</u>**

Defendant Dynamic Industrial Group, LLC ("Dynamic") has filed a Motion to Dismiss and Memorandum of Law for Lack of Personal Jurisdiction. (Doc. No. 33.) Plaintiff Matthew Ramsey has filed a Response in Opposition. (Doc. No. 37.) Dynamic has filed a Reply. (Doc. No. 38.)

For the reasons discussed herein, Dynamic's Motion will be denied.

## I. FACTS

The following factual allegations are taken from the First Amended Class Action Complaint (First Am. Compl., Doc. No. 21) and are accepted as true at the pleading stage.

Dynamic is a Delaware limited liability company, the principal place of business of which is located at 1013 Thorrez Road, Jackson, MI 49201. (Doc. No. 21 at ¶ 19.) Defendant Dexter Stamping Company, LLC ("Dexter") is also a Delaware limited liability company. (*Id.* at ¶ 18.)[1] Dexter is a wholly owned subsidiary of Dynamic, and Dennis Nystrom is an officer or member of

[1] Neither defendant has complied with Local Rule 7.02(a), which requires every non-governmental business entity party to file a Business Entity Disclosure Statement identifying all of its parent, subsidiary, and other affiliate corporations.

both entities. (*Id.* at ¶¶ 21, 23.) (Dexter and Dynamic are collectively referred to as the "defendants.") The defendants own and operate a manufacturing plant located at 1800 Joe B. Jackson Pkwy, Murfreesboro, TN 37127 (the "Murfreesboro plant.") (*Id.* at ¶¶ 3, 17.)

Ramsey was a full-time employee of the defendants and worked at the Murfreesboro plant until "on or around October 28, 2025," when he was "abruptly terminated" at the end of his shift. (*Id.* at ¶¶ 4, 5, 16, 17, 30, 31.) Defendants ordered a "mass layoff or plant closing" and terminated at least 110 employees, including Ramsey, from the Murfreesboro plant "unilaterally and without proper notice" on that day. (*Id.* at ¶¶ 4, 5, 6, 16, 20, 30, 31.)

Dexter's operations are "part and parcel to" the operations of its parent company, Dynamic. (*Id.* at ¶ 28.) Dynamic directed the termination of over 110 employees working at the Murfreesboro plant, including Ramsey. (*Id.* at ¶¶ 20, 26.) Dynamic dictates Dexter's personnel, employment, and employee payment practices and policies and retains control over such policies. (*Id.* at ¶ 27.) Dexter and Dynamic together owned and operated the Murfreesboro plant, and Dynamic derives direct revenue from Dexter's operations. (*Id.* at ¶ 3, 17, 28.)

Ramsey asserts that the defendants violated the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101 *et seq*., because they failed to provide sixty days advance notice of the mass layoff or plant closing to any "affected employee," the Tennessee Department of Labor and Workforce Development, or the chief elected official of the unit of local government within which the mass layoff or plant closing was to occur. (*Id.* at ¶¶ 1–12, 40–49.) He brings this class action "on behalf of himself and other similarly situated former employees" who "were terminated as part of the foreseeable mass layoff or plant closing ordered by" the defendants. (*Id.* at ¶¶ 35–39.)

## II. PROCEDURAL HISTORY

Ramsey filed his Class Action Complaint on October 31, 2025, asserting one cause of action against Dexter for violations of the WARN Act, 29 U.S.C. §§ 2101 *et seq*. (Compl., Doc. No. 1 at ¶¶ 30–38.) Ramsey invokes this court's jurisdiction under 28 U.S.C § 1331. On January 16, 2026, Ramsey filed a Motion for Entry of Default against Dexter (Doc. No. 15) under Fed. R. Civ. P. 55(a), arguing that Dexter had failed to answer or defend the Complaint despite proper service. The Clerk of Court granted the Motion on March 16, 2026. On March 18, 2026, Ramsey filed a Motion to Set Aside Entry of Default and for Leave to File First Amended Complaint (Doc. No. 19), which the court granted.

On March 23, 2026, Ramsey filed his First Amended Class Action Complaint against both Dexter and Dynamic, again asserting one cause of action for violations of the WARN Act. (Doc. No. 21.)

On June 5, 2026, Dynamic filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(2). (Doc. No. 33), supported by the Declaration of Dennis Nystrom. (Doc. No. 33-1.)[2] Ramsey filed a Response in Opposition (Doc. No. 37), and Dynamic filed a Reply in support of its Motion (Doc. No. 38).

## III. ANALYSIS

### A. Standard of Review for a Rule 12(b)(2) Motion

The court has discretion to decide how to resolve a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, and the method that the court chooses affects the plaintiff's burden to establish the court's jurisdiction. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505 (6th Cir. 2020) (citing *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). The

---

[2] Dexter filed an Answer on the same day. (Doc. No. 34.)

court has three options: (1) rule on the motion based on the affidavits and other written evidence submitted by the parties, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *Id*.

When the court rules on written submissions alone, the plaintiff is only required to make a *prima facie* showing of the court's jurisdiction. *Id.* (citing *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012)). The plaintiff can make this showing through his complaint, by "establishing with reasonable particularity sufficient contacts between [Dynamic] and the forum state to support jurisdiction." *Id.* at 504 (overruling the district court, who had credited the defendant's affidavit that cut against personal jurisdiction and granted the 12(b)(2) motion without allowing any form of discovery) (citing *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017)). The court examining whether the plaintiff has made this *prima facie* showing does not consider facts proffered by the defendant that conflict with those offered by the plaintiff and will construe the facts in the light most favorable to the plaintiff. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)); *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272–1273 (6th Cir. 1998) (holding that the district court erred by crediting the defendants' evidence as the plaintiff only needed to make out a *prima facie* case.) The court "disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal" "to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)). Dismissal is proper only if all the specific facts that the plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction.

*Compuserve*, 89 F.3d at 1262; *see also Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) ("[T]he burden of the plaintiff is relatively slight[.]").

The court will decide the jurisdictional issue in this case based on the parties' written submissions, as neither Ramsey nor Dynamic asked the court to hold an evidentiary hearing or order limited discovery on the issue of jurisdiction.

**B. Specific Personal Jurisdiction**

Whether this court may exercise personal jurisdiction over Dynamic depends on the specific limitations of Tennessee's long-arm statute and the constitutional principles of due process. *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute[3] has been construed to extend to the limits of federal due process. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645–46 (Tenn. 2009). Therefore, the two inquiries are merged, and the court here only needs to determine whether exercising personal jurisdiction over Dynamic is consistent with federal due process requirements.[4] *Bridgeport*, 327 F.3d at 477 (citing *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 454 (6th Cir. 1993)).

The Due Process Clause requires that a defendant not physically present in the forum have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not

---

[3] Tennessee's long-arm statute is codified in Tenn. Code Ann. § 20-2-214 and states as follows:

> (a) Persons who are nonresidents of this state and residents of this state who are outside the state and cannot be personally served with process within this state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:(1) The transaction of any business within this state; (2) Any tortious act or omission within this state; (3) The ownership or possession of any interest in property located within this state; …(6) Any basis not inconsistent with the constitution of this state or of the United States[.]

[4] Ramsey's allegation that Dexter and Dynamic together own the Murfreesboro plant (Doc. No. 21 at ¶ 3) also implicates subsection (a)(3) of Tennessee's long-arm statute. However, the court focuses its analysis on federal due process requirements, and not subsection (a)(3), since it is not necessary to do so.

offend 'traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has identified "general" jurisdiction and "specific" jurisdiction as distinct bases for personal jurisdiction. Ramsey argues in his Response in Opposition to Dynamic's Motion that the court possesses specific personal jurisdiction over Dynamic because it owns and operates the Murfreesboro plant and orchestrated a series of layoffs there.

The Sixth Circuit has established the three-part *Mohasco* test for determining whether the exercise of specific personal jurisdiction is consistent with the principles of due process. *See S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1969). Under this test, the exercise of such jurisdiction is proper if the court finds: "(1) purposeful availment 'of the privilege of acting in the forum state or causing a consequence in the forum state,' (2) a 'cause of action . . . aris[ing] from activities' in the state, and (3) a 'substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Schneider*, 669 F.3d at 701 (quoting *Mohasco*, 401 F.2d at 381). If any of the three requirements is not met, personal jurisdiction may not be invoked. *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012). In addition, while a motion to dismiss for lack of specific personal jurisdiction may be maintained based on prongs two and three of the *Mohasco* test, purposeful availment is the indispensable element of personal jurisdiction. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550–51 (6th Cir. 2007).

**C. Analysis**

The court finds that Ramsey has made a *prima facie* showing of the court's specific personal jurisdiction over Dynamic in his First Amended Class Action Complaint by pleading facts that show Dynamic purposefully availed itself of the privilege of acting in this state and asserting

a cause of action under the WARN Act that arises from Dynamic's activities in this state. Ramsey states that Dynamic, which (a) derives direct revenue from Dexter's operations, and (b) dictates and controls Dexter's personnel, employment, and employee payment practices and policies, ordered the mass layoff or closing at the Murfreesboro plant without providing the 60-day advance notice required by the WARN Act.

Dynamic submitted the Declaration of Dennis Nystrom (Doc. No. 33-1) in support of its Motion to Dismiss. Nystrom's Declaration does not even address, much less dispute, the central facts that give rise to this court's specific personal jurisdiction over Dynamic. It merely states, in relevant part, that (a) Dexter is wholly owned by Dynamic, (b) Dexter and Dynamic have separate certificates of formation, limited liability company agreements, bylaws, corporate minutes, financial records, bank account, tax filings, and employees, (c) "Dynamic has not committed any tortious acts in Tennessee, does not own property in Tennessee, and has no other contracts with or in the state of Tennessee," and that (d) "Dexter, not Dynamic, is the entity that employed the employees in the Dexter Murfreesboro location." (Doc. No. 33-1 at ¶¶ 3, 6, 7, 8, 11.)

A court can exercise specific personal jurisdiction over an out-of-state parent company with an in-state subsidiary if the parent company was "calling the shots" at the subsidiary and making employment decisions for the subsidiary that gave rise to WARN Act violations. *See Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 785–787 (S.D. Ohio 2003) (denying the out-of-state corporate parent's 12(b)(2) motion without prejudice when the plaintiff alleged that the corporate parent made the subsidiary's employment decisions, and disregarding defendant's affidavit that alleged that the parent and subsidiary made personnel policies and operations decisions separately such that the parent did not exercise de facto control over subsidiary), *aff'd on other grounds sub nom., Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836 (6th Cir. 2011).

In this case, Dynamic's declaration does not contradict Ramsey's allegations that Dynamic controlled Dexter's employment decisions regarding the Murfreesboro plant, and therefore, there is no need for this court to weigh any controverted assertions and resolve them in Ramsey's favor.

Dynamic takes issue with Ramsey's assertion that Dynamic and Dexter can together be considered an "employer" under the WARN Act (Doc. No. 21 at ¶ 29), and a significant portion of Dynamic's and Ramsey's briefing is dedicated to whether that assertion is relevant to the personal jurisdiction analysis at hand. The Department of Labor's interpretive regulations list the following factors to be considered in determining whether a subsidiary is a separate employer from the corporate parent: (1) common ownership; (2) common directors and/or officers; (3) de facto exercise of control; (4) unity of personnel policies emanating from a common source; and (5) the dependency of operations. 20 C.F.R. § 639.3(a)(2). While the analysis and standards may be separate, some of the factors, particularly (3) through (5), could be informative of whether this court has specific personal jurisdiction over Dynamic in this case. Dynamic cites to *Rodkey v. 1-800 Flowers Team Servs., Inc.*, No. 3:16-cv-311, 2017 WL 318473 (S.D. Ohio Jan. 23, 2017), to argue that joint employer status under the WARN Act "would not decide" whether the court could exercise personal jurisdiction over the corporate parent. However, Ramsey has met his burden to make out a *prima facie* showing of the court's jurisdiction through his First Amended Class Action Complaint by pleading additional facts regarding the corporate parent's decisions to conduct a mass layoff or closing at the subsidiary, not just a conclusory allegation that Dexter and Dynamic constitute a single or joint employer. If discovery yields facts that elucidate either their status as joint or separate employers, or this court's personal jurisdiction over Dynamic, Dynamic will remain free to contest either issue.

## IV. CONCLUSION

For the reasons stated above, Dynamic's Motion to Dismiss for Lack of Personal Jurisdiction will be denied.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge